# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

AUBREY C. AVERY, JR.,

        Plaintiff,

vs.

M. DONOVAN, *et al.*,

        Defendants.

Case No. 2:16-cv-01774-GMN-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed *in Forma Pauperis* (#1) and Screening of Complaint (#1-1)

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on July 25, 2016.

## BACKGROUND

Plaintiff brings this case pursuant to 42 U.S.C. § 1983. Plaintiff argues that Defendant M. Donovan used excessive force against him on December 31, 2014 when Defendant struck Plaintiff in the face with a closed fist while Plaintiff was allegedly on his hands and knees. Plaintiff asserts that he still suffers from the injuries caused by this incident every day and now seeks punitive damages.

## DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

## II. Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. Instant Complaint

#### a. Eighth Amendment Violation

Plaintiff alleges that LVMPD Officer M. Donovan violated his Eighth Amendment right to be free from cruel and unusual punishment when he allegedly used excessive force against Plaintiff. While not specifically alleged in the complaint, it appears as if this alleged incident occurred during Plaintiff's initial arrest. The Eighth Amendment does not give rise to a claim by a pretrial detainee. *Graham v. Connor*, 490 U.S. 386, 398–99, 109 S.Ct. 1865, 1873, 104 L.Ed.2d 443 (1989)(stating that the "Eighth Amendment standard applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")(quoting *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977)). The Eighth Amendment is only implemented post conviction, when the injury suffered is "part of the total punishment to which the individual is being subjected for his crime." *Ingraham*, 430 U.S. at 669. As stated above, the Court believes that the alleged incident that Plaintiff complains of occurred during the initial arrest. Therefore, Plaintiff's claim does not fall under the Eighth Amendment.[1] *See Graham*, 490 U.S. at 388-94. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claim without prejudice with leave to amend.

#### b. Municipal Employee Liability Under § 1983

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.1995). Traditionally, the requirements for relief under § 1983 have been

---

[1] It appears that Plaintiff's excessive force claim would be more properly brought under the confines of the Fourth Amendment right to be free from unreasonable seizures.

articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir.1991).

State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n. 24 (1997). Official-suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation. *Id.*; *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–92 (1978).

Here, Plaintiff alleges a claim against Clark County's former Sheriff Douglas Gillespie in his official capacity. Defendant Gillespie was a state official and therefore, Plaintiff's claims against him must fail because he is not considered a "person" for § 1983 purposes. As a result, the Court will recommend that Plaintiff's claim against Defendant Gillespie be dismissed.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

. . .

. . .

| 1  | **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* |
| 2  | (ECF No. 3) is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, |
| 3  | even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. |
| 4  | § 1915(b)(2). |

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #0096220), in the months that the account exceeds $10.00, until the full $400 (which includes the $350 filing fee and $50 administrative fee) filing fees have been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **April 27, 2018** to file an amended complaint correcting the noted deficiencies.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claim against Defendant Douglas Gillespie be **dismissed** with prejudice for failure to state a claim upon which relief may be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 26th day of March, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge