UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AUBREY C. AVERY, JR.,<br><br>Plaintiff,<br>v.<br><br>LAS VEGAS METRO POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-01774-GMN-GWF<br><br>**<u>ORDER</u>**<br><br>**Re: Amended Complaint (ECF No. 8)** |

This matter is before the Court on the screening of Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1) and Amended Complaint (ECF NO. 8), filed on April 6, 2018. The Court previously entered an Order (ECF No. 6) granting Plaintiff's Application but dismissed Plaintiff's complaint, without prejudice. Plaintiff also filed a Motion to Correct, Record Pursuant to FRCP 60(b) (ECF No. 10), on April 27, 218. This order will screen Plaintiff's Amended Complaint (ECF No. 8).

## **HISTORY & BACKGROUND**

Plaintiff, Aubrey C. Avery ("Plaintiff") is a *pro se* litigant currently housed at Clark County Detention Center ("CCDC"). Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and alleges that Defendant, Officer M. Donovan, used excessive force while arresting him. *See Amended Complaint* (ECF No. 8), 6. Plaintiff represents that he was engaged in cooperative behavior when Defendant punched him in the face. *Id*. Plaintiff also indicates the right to be taken into custody peacefully was afforded to other individuals and is administered in a discriminatory fashion. He alleges that he still suffers from the injuries caused by this incident every day and now seeks punitive damages. *Id*. at 12.

In Count One, Plaintiff states that Defendant Donovan assaulted him during his arrest and alleges this act was racially motivated. In count two, Plaintiff argues that Sherriff Gillespie and the Las Vegas Metro Police Department's ("LVMPD") should be held liable for allowing Defendant Donovan to violate policies and procedures while making an arrest. Plaintiff alleges these acts violated his Fifth and Fourteenth Amendment equal protection and due process rights. ECF No. 8.

On March 26, 2018, the undersigned entered an order granting Plaintiff's Application for Leave to Proceed *in forma pauperis* and a report recommending that Plaintiff's excessive force claim against Sheriff Douglas Gillespie pursuant to 42 U.S.C. § 1983 be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. *See Order,* (ECF No. 6). The Court dismissed Plaintiff's Eighth Amendment claim, without prejudice and granted Plaintiff leave to amend complaint within 30 days of the date of the order. *Id*. On April 18, 2018, the Court entered an order adopting the undersigned's report and recommendation. ECF No. 9.[1]

## DISCUSSION

I. **Screening the Amended Complaint**

On April 6, 2018, Plaintiff filed his amended complaint (ECF No. 8). Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional

---

[1] Since the Honorable Chief Judge Navarro entered an order dismissing Sheriff Gillespie with prejudice (ECF No. 9), any allegations made against Sheriff Gillespie in Plaintiff's amended complaint will not be addressed herein.

2

factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order and report and recommendation (ECF No. 4), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete. In its March 26, 2018 Order (ECF No. 6), the Court reiterated to Plaintiff that he could not refer to prior pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each defendant.

## II. Instant Complaint

Plaintiff alleges that Officer Donovan, of the LVMPD violated § 1983 of the Civil Rights Act ("CRA") through the use of excessive force during his arrest. ECF No. 8. Specifically, Plaintiff represents that Defendant Donovan employed excessive force by assaulting him and drawing blood from his nose while Plaintiff was down on his hands and knees. He further alleges Defendant Donovan's actions were permitted under the policies and procedures of the LVMPD. *Id*. 42 U.S.C. § 1983 provides a remedy for a plaintiff whose civil rights were violated by defendants acting under the color of state law. The Plaintiff must plead sufficient facts to show that "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A defendant acts under color of state law if he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988). A defendant also acts under the color of state law when he absues the position given to him by the state. *West*, 487 U.S. at

3

49. Generally, a public employee acts under color of state law while acting in his official capacity or while performing his responsibilities pursuant to state law. *Id*. at 49-50.

### A. LVMPD Liability

Plaintiff brings suit against both Officer Donovan and LVMPD. A municipality may be held liable for constitutional violations under § 1983. Section 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In order to bring a § 1983 action against a local government entity the plaintiff must show "that he was deprived of a constitutional right and the city had a policy, practice or custom which amounted to 'deliberate indifference' to the constitutional right and was the 'moving force' behind the constitutional violation." *Levine v. City of Alameda*, 525 F. 3d 903, 907 (9th Cir. 2008). Here, Plaintiff appears to allege claims against LVMPD as it relates to officers' alleged use of excessive force. Plaintiff has not demonstrated any facts to suggest that LVMPD has a policy that amounts to "deliberate indifference" to Plaintiff's constitutional rights. Therefore, the Court will dismiss LVMPD as a Defendant without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

### B. Officer Donovan's Liability

State officials sued in their official capacity are not persons under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S 58, 71 (1989). However, a state official sued in his personal capacity may be found liable for damages if a plaintiff can show that the defendant personally violated his constitutional rights. *OSU Student Alliance v. Ray*, 669 F. 9d 1053, 1069 (9th Cir. 2012). Plaintiff brings suit against Defendant Donovan in his "individual capacity." The Court must determine whether a suit is brought against a defendant in his individual or official capacity by considering the "essential nature" of the proceeding. *Eaglesmith v. Ward*, 73 F. 857, 859 (9th Cir. 1996) (citing *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464

(1945)).  In *Eaglesmith*, the Court determined the matter to be against the official in his official capacity because that was stipulated to by the parties.  73 F. 3d at 859.  In the instant case, the Plaintiff specifically indicated that he intended to sue the officer in his individual capacity.  Thus, any viable claims against Officer Donovan may proceed.

### C.  Fifth Amendment Due Process Violation

The Due Process Clause of the Fifth Amendment protects individuals from arbitrary government action by prohibiting the federal government from depriving people of "life, liberty, or property without due process of law."  U.S. Const. Amend. V.  The due process clause of the "Fifth Amendment and the equal protection component thereof apply only to actions of the federal government – not those of state or local governments." *Lee v. City of Los Angeles*, 250 F. 3d 668, 687 (citing Schweiker v. Wilson, 450 U.S. 221, 227 (1981)).  Thus, in order to prevail on a claim of deprivation of due process under the Fifth, the plaintiff must first demonstrate federal action.  Plaintiff represents that Defendants violated his right to equal protection and due process rights under the Fifth Amendment.  Absent from Plaintiff's Amended Complaint, however, is any assertion that Defendants were federal actors.  In fact, each Defendant works for the LVMPD which in turn classifies them as state actors, not federal.  Therefore, the Court will dismiss Plaintiff's Fifth Amendment claim, without prejudice with leave to amend.[2]

### D.  Fourteenth Amendment Due Process Violation

The U.S. Supreme Court has partially incorporated the Fifth Amendment to the states through the due process and equal protection clauses of the Fourteenth amendment by prohibiting states from depriving people of "life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  While claims of excessive force made during an arrest are generally analyzed under the Fourth Amendment and apply up to the time of arraignment, *Graham v. Connor*, 490 U.S. 386, 395 (1989), the Fourteenth Amendment's substantive due process standards are applicable to pretrial detainees. *Williams v. City of Las Vegas*, 34 Fed. Appx. 297, 298. (9th Cir. 2002).  In order to prevail on a substantive due process claim, plaintiff

---

[2] It appears that Plaintiff's excessive force claim would be more properly brought under the confines of the Fourth Amendment right to be free from unreasonable search and seizures.

5

must show "egregious government conduct in the form of excessive and brutal use of physical force." *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990).

Here, the incident occurred during Plaintiff's initial arrest. The alleged conduct therefore falls squarely within the Fourteenth Amendment due process clause which protects detainees from excessive punishment. Taking Plaintiffs claims as true, he alleges that he did not resist arrest, and yet was met with physical force. Plaintiff alleges that he continues to suffer from a busted or broken nose, (ECF No. 8 at 3). Because Plaintiff alleged that he did not resist arrest and was in fact down on his hands and knees, punching an already subdued arrestee can be construed as excessive force. These allegations are sufficient to state a claim for violation of due process under the Fourteenth Amendment.

### E. **Equal Protection Violations**

Finally, Plaintiff briefly asserts that the LVMPD has offered protections against excessive force to others, but denied these same protections to Plaintiff based on his race. ECF No. 8 at 11. Plaintiff's amended complaint fails to provide sufficient facts or evidence, beyond conclusory allegations, to adequately state this claim. See *Pena v. Gardner*, 976 F. 2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983.) (citing *Ivey v. Board of Regents*, 673 F. 2d 266, 268 (9th Cir. 1982)). The Court, therefore, dismisses Plaintiff's equal protection claims against Defendants with leave to amend for the reasons stated herein. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claim against Defendant LVMPD, are dismissed without prejudice with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's claims for violation of his equal protection rights under the Fifth and Fourteenth Amendments are dismissed without prejudice with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **September 20, 2018** to file a second amended complaint correcting the noted deficiencies.

**IT IS FURTHER ORDERED** that Plaintiff's claim for violation of his substantive due process right under the Fourteenth Amendment as to Defendant M. Donovan, in his individual capacity, may proceed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct the Record (ECF No. 10) is **denied**, as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended Complaint (ECF No. 8).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the Amended Complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have **twenty (20) days** to furnish the required USM-285 forms to the U.S. Marshall at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshall, he has **twenty (20) days** to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshall attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within **ninety (90) days** from the date the complaint was filed.

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration to the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court

| | |
|---|---|
| 1 | has held that the courts of appeal may determine that an appeal has been waived due to the |
| 2 | failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). |
| 3 | This circuit has also held that (1) failure to file objections within the specified time and (2) |
| 4 | failure to properly address and brief the objectionable issues waives the right to appeal the |
| 5 | District Court's order and/or appeal factual issues from the order of the District Court. *Martinez* |
| 6 | *v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, |
| 7 | 454 (9th Cir. 1983). |

DATED this 20th day of August, 2018.

*George Foley Jr.*

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE